# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MATTER OF APPLICATION BY UNITED STATES OF AMERICA FOR SEARCH WARRANT TO SEARCH AND SEIZE CERTAIN INFORMATION STORED AT PREMISES CONTROLLED BY AT&T. | Case No. 1:25-mc-00092-CDB <br><br> ORDER DENYING MOTION OF UNITED STATES OF AMERICA TO SEAL SEARCH WARRANT APPLICATION <br><br> **5-Day Deadline** |

**Background**

On November 3, 2025, the United States of America ("government") lodged via email with chambers of the undersigned an application for search warrant to search for and seize certain information, including geolocation information, associated with a cellular telephone serviced by AT&T. Although the affiant of the search warrant application requested that the application and related papers be sealed, the undersigned concluded that the government had failed to proffer a showing of good cause for the sealing. The undersigned communicated this determination to the assigned Assistant U.S. Attorney to permit her an opportunity to either withdraw the request or remedy the deficiency.

Pending before the Court is the renewed application by the government for the same search warrant. In support of its request for sealing, the affiant offers two grounds: (1) the affidavit discusses "an ongoing criminal investigation of a potential uncharged co-conspirator that is neither public

nor known to all of the targets of the investigation," and (2) the search warrant affidavit identifies information, such as cell phone numbers, that should not be disclosed publicly to protect the privacy interests of the individuals involved."

**Discussion**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct*., 464 U.S. 501, 510 (1985). The Court of Appeals has extended this right of access to certain documents in criminal proceedings, such as plea agreements. *See generally Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990). *See, e.g., United States v. Santoyo*, No. 2:21-mj-125-KJN, 2022 WL 2306920, at *1 (E.D. Cal. June 24, 2022) (denying in part government's application to seal documents relating to bail review motion; permitting government to lodge redacted versions of documents sought to be sealed). Relevant here, the Court of Appeals has found "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1218 (9th Cir. 1989). *Cf. United States v. Business of Custer Battlefield Museum and Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) ("the public has a qualified common law right of access to warrant materials after an investigation has been terminated.").

In general, if redaction reasonably can be undertaken to eliminate the need for sealing, the proponent of sealing must redact the document. *Oregonian Publ'g Co*., 920 F.2d at 1167 n.1

**Analysis**

The government again fails to demonstrate an adequate basis to support sealing the search warrant application and related papers. Although the affiant attests (without elaboration or detail) that the investigation of a potential uncharged co-conspirator is ongoing, the undersigned observes that the subjects of the investigation identified in the affidavit (including the user of the cellular telephone sought to be targeted by the instant search warrant) were charged by indictment more than one year ago. The government offers no information – detailed or otherwise – that would permit a finding under these circumstances that the compelling interest of preserving the secrecy of an ongoing

investigation outweighs the public's interest in accessing post-indictment search warrant materials. *See Business of Custer Battlefield Museum and Store*, 658 F.3d at 1194.

Further, as to both grounds advanced in support of the request for sealing – ongoing criminal investigation and privacy of telephone numbers – the affiant has not attempted to explain why the government's compelling interests cannot adequately be preserved by redacting sensitive information from the application materials. *See Oregonian Publ'g Co.*, 920 F.2d at 1167 n.1.

**Conclusion and Order**

For the reasons set forth above, the motion of the United States of America to seal its application for search warrant is DENIED.

Further, the United States of America is HEREBY ORDERED, within five (5) days of entry of this order, to lodge with the undersigned via e-mail either (1) a renewed application for search warrant with proposed redactions that addresses in appropriate detail the ongoing investigation of a potential uncharged co-conspirator, or (2) a notice of withdrawal of the pending application for search warrant.

IT IS SO ORDERED.

Dated:   **November 5, 2025**                                    _____
                                                                  UNITED STATES MAGISTRATE JUDGE